**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| CHRISTIN E. VESS,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN J. M. ROY and TANDET LOGISTICS INC.,<br><br>Defendants. | C/A No. 3:26-cv-5347-CMC<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Christin E. Vess, by and through her undersigned counsel, complaining of the Defendants, alleges as follows:

**PARTIES**

1. Plaintiff Christin E. Vess ("Plaintiff") is a citizen of the United States and of the State of South Carolina, domiciled in Richland County, South Carolina.

2. Upon information and belief, Defendant Brian J. M. Roy ("Roy") is a citizen and subject of Canada, domiciled in Burlington, Ontario, Canada, and is not a citizen of any State of the United States. At all times relevant, Roy held a Province of Ontario Class A commercial driver's license and operated a commercial motor vehicle in interstate and international commerce in South Carolina.

3. Upon information and belief, Defendant Tandet Logistics Inc. ("Tandet") is a corporation organized under the laws of Canada or the Province of Ontario, with its principal place of business in the Province of Ontario, Canada. Tandet is a for-hire motor carrier of property registered with the Federal Motor Carrier Safety Administration ("FMCSA") under USDOT No.

576098 and MC No. 283546, and it operates commercial motor vehicles in interstate commerce within the United States, including South Carolina.

4. At all times relevant, Roy was an employee, agent, servant, or statutory employee of Tandet, and was acting within the course and scope of that employment or agency and in furtherance of Tandet's business.

## JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because this is a civil action between a citizen of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over the Defendants because the claims arise from their operation of a commercial motor vehicle on the public highways of South Carolina and from a collision that occurred in Richland County, South Carolina. See S.C. Code Ann. § 36-2-803.

7. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Richland County, South Carolina, and under 28 U.S.C. § 1391(c)(3) because the Defendants do not reside in the United States. Richland County lies within the Columbia Division. Local Civ. Rule 3.01 (D.S.C.).

## FACTUAL ALLEGATIONS

8. On April 20, 2026, at approximately 2:53 p.m., Plaintiff was lawfully operating her vehicle southbound on Interstate 77 in Richland County, South Carolina.

9. Plaintiff was traveling straight ahead within her lane of travel and was operating her vehicle with due care.

10. At the same time and place, Roy was operating a 2026 Volvo VNL truck tractor, Ontario registration PB14104, VIN 4V4BC9EHXTN706424 (the "Tractor"), southbound on Interstate 77 in a lane adjacent to Plaintiff.

11. The Tractor was owned by and registered to Tandet.

12. The Tractor is a "commercial motor vehicle" as defined in 49 C.F.R. § 390.5 and required a commercial driver's license to operate.

13. Roy attempted to change lanes and moved the Tractor from his lane of travel into the lane occupied by Plaintiff's vehicle when that movement could not be made with safety.

14. The Tractor struck the left rear of Plaintiff's vehicle, causing Plaintiff's vehicle to be pushed and to leave the roadway.

15. Upon information and belief, Roy failed to keep a proper lookout, failed to check his mirrors and blind spots, failed to signal and confirm that the adjacent lane was clear, and failed to yield the right-of-way to Plaintiff before moving the Tractor into her lane.

16. Upon information and belief, at the time of the collision Roy was operating the Tractor on a dispatch for, and in the course of, Tandet's interstate for-hire trucking business.

17. As a direct and proximate result of the collision, Plaintiff suffered injuries to her neck, back, and left shoulder, including, without limitation, cervical disc disruption at C4-5 and C5-6 with left upper-extremity radiculopathy; lumbar disc disruption at L3-4, L4-5, and L5-S1 with left lower-extremity radiculopathy; and a left shoulder SLAP tear with rotator cuff tendinosis.

18. As a direct and proximate result of the Defendants' conduct, Plaintiff sustained severe and permanent injuries, has incurred medical expenses in excess of $100,000 to date, will incur future medical expenses, has lost time from work and suffered a loss of earning capacity,

and has suffered and will continue to suffer physical pain, mental anguish, scarring, permanent impairment, and loss of enjoyment of life.

## FOR A FIRST CAUSE OF ACTION

(Negligence, Gross Negligence, and Recklessness Against Defendant Roy)

19. Plaintiff realleges the foregoing paragraphs as if set forth verbatim.

20. Roy owed Plaintiff and the motoring public a duty to operate the Tractor with the degree of care that a reasonably prudent professional commercial driver would exercise under the same or similar circumstances, including the heightened care required of the operator of a commercial motor vehicle.

21. Roy breached that duty and was negligent, grossly negligent, willful, wanton, and reckless in one or more of the following particulars:

(a) in moving the Tractor from his lane of travel when the movement could not be made with safety;

(b) in failing to keep a proper lookout;

(c) in failing to check his mirrors and clear his blind spots before changing lanes;

(d) in failing to signal his intention to change lanes for a sufficient distance;

(e) in failing to yield the right-of-way to a vehicle lawfully occupying the adjacent lane;

(f) in failing to maintain proper control of the Tractor;

(g) in operating the Tractor at a speed greater than was reasonable and prudent under the conditions;

(h) in failing to exercise due care to avoid colliding with Plaintiff's vehicle; and

(i) in such other particulars as discovery may reveal.

22. Roy's acts and omissions were the direct and proximate cause of the collision and of Plaintiff's injuries and damages.

23. Roy's conduct demonstrated a conscious failure to exercise due care and a reckless disregard for the safety of others, entitling Plaintiff to recover actual and punitive damages.

## **FOR A SECOND CAUSE OF ACTION**

(Negligence Per Se Against Defendant Roy)

24. Plaintiff realleges the foregoing paragraphs as if set forth verbatim.

25. The following statutes and regulations were enacted to protect the traveling public, including Plaintiff, from the hazards of unsafe operation of motor vehicles and commercial motor vehicles on the public highways. Plaintiff is a member of the class those enactments were intended to protect, and the harm she suffered is the type of harm they were intended to prevent.

26. Roy violated the following provisions of the South Carolina Code of Laws, each of which constitutes negligence per se:

(a) S.C. Code Ann. § 56-5-1900 (driving on roadways laned for traffic), which requires that a vehicle be driven as nearly as practicable entirely within a single lane and not be moved from that lane until the driver has first ascertained that the movement can be made with safety;

(b) S.C. Code Ann. § 56-5-1520(A) (requiring that speed be reasonable and prudent under the conditions, with regard to the actual and potential hazards then existing, and controlled as necessary to avoid colliding with any vehicle); and

(c) S.C. Code Ann. § 56-5-2920 (reckless driving operating a vehicle in willful or wanton disregard for the safety of persons or property).

27. Tandet is a "motor carrier" and Roy is a "driver" and "employee" subject to the Federal Motor Carrier Safety Regulations, 49 C.F.R. Parts 350–399 (the "FMCSRs"), which South Carolina has adopted and applies to motor carriers operating in interstate commerce within the State, S.C. Code Ann. Regs. 38-424; see S.C. Code Ann. § 58-23-1120. Upon information and belief, Roy violated the following FMCSRs, each of which constitutes negligence per se:

(a) 49 C.F.R. § 392.2, which requires that every commercial motor vehicle be operated in accordance with the laws of the jurisdiction in which it is being operated, including S.C. Code Ann. §§ 56-5-1900, 56-5-1520, and 56-5-2920;

(b) 49 C.F.R. § 390.3(e), which requires every driver and employee to be instructed in and to comply with the FMCSRs;

(c) 49 C.F.R. § 392.3, which prohibits a driver from operating a commercial motor vehicle while his ability or alertness is impaired by fatigue, illness, or any other cause;

(d) 49 C.F.R. § 392.6 and § 392.14, which prohibit schedules requiring excessive speed and require extreme caution and reduced speed when hazardous conditions exist;

(e) 49 C.F.R. §§ 392.80 and 392.82, which prohibit texting and the use of a hand-held mobile telephone while driving a commercial motor vehicle;

(f) 49 C.F.R. Part 391, including §§ 391.11 and 391.13, which require that a driver be qualified and be able, by reason of experience, training, or both, to safely operate the type of commercial motor vehicle he drives;

(g) 49 C.F.R. Part 383, including § 383.23, governing commercial driver's license standards and the knowledge and skills required of commercial drivers;

(h) 49 C.F.R. Part 395, including §§ 395.3 and 395.8, governing hours of service and records of duty status;

(i) 49 C.F.R. Part 382, governing controlled-substance and alcohol use and testing; and

(j) 49 C.F.R. Parts 393 and 396, governing required parts and accessories, including mirrors (§ 393.80), and the inspection, repair, and maintenance of commercial motor vehicles (§§ 396.3, 396.11, 396.13).

28. Roy's violations of the foregoing statutes and regulations were the direct and proximate cause of the collision and of Plaintiff's injuries and damages.

**FOR A THIRD CAUSE OF ACTION**

(Vicarious Liability / Respondeat Superior Against Defendant Tandet)

29. Plaintiff realleges the foregoing paragraphs as if set forth verbatim.

30. At all times relevant, Roy was Tandet's employee, agent, or servant and was acting within the course and scope of his employment or agency and in furtherance of Tandet's business when he caused the collision.

31. Tandet owned the Tractor, held the operating authority under which it was being operated, and controlled, or had the right to control, the manner in which Roy performed his work.

32. Under the FMCSRs, Tandet is Roy's "employer" and Roy is Tandet's "employee," 49 C.F.R. § 390.5, and Tandet is responsible for Roy's operation of the Tractor in interstate commerce under its authority. To the extent the Tractor or any attached trailer was operated under a lease, Tandet, as the authorized carrier, had exclusive possession, control, and use of the equipment and assumed complete responsibility for its operation. 49 C.F.R. § 376.12(c)(1).

33. Tandet is vicariously liable under the doctrine of respondeat superior and under the FMCSRs for all of Roy's negligent, grossly negligent, willful, wanton, and reckless acts and omissions alleged herein, and for all actual and punitive damages resulting from them.

## FOR A FOURTH CAUSE OF ACTION

(Negligent Hiring, Qualification, Training, Supervision, Retention, and Entrustment Against Defendant Tandet)

34. Plaintiff realleges the foregoing paragraphs as if set forth verbatim.

35. Tandet, as a motor carrier operating in interstate commerce, owed the motoring public, including Plaintiff, a non-delegable duty to hire, qualify, train, supervise, and retain only drivers who were competent and qualified to operate commercial motor vehicles safely, and to entrust its commercial motor vehicles only to such drivers. Those duties are informed by, among other things, 49 C.F.R. §§ 390.3(e), 390.11, 391.11, 391.21, 391.23, 391.25, 391.27, 391.31, 391.51, 382.301, 382.305, 382.701, 395.3, and 395.8.

36. Upon information and belief, Tandet breached those duties in one or more of the following particulars:

(a) in hiring and retaining Roy when it knew or, in the exercise of reasonable care, should have known that he was not competent or qualified to operate a commercial motor vehicle safely;

(b) in failing to conduct the pre-employment investigations and inquiries, driving-record reviews, road tests, and background checks required of a motor carrier;

(c) in failing to train Roy adequately in safe lane-change procedures, mirror use, space and speed management, blind-spot awareness, hazard perception, and the requirements of the FMCSRs and the South Carolina Commercial Driver License Manual;

(d) in failing to supervise and monitor Roy's driving, hours of service, and compliance with safety rules, including through available telematics, electronic logging, and onboard camera systems;

(e) in failing to maintain and act upon a driver qualification file and record of violations for Roy;

(f) in failing to implement and enforce reasonable safety policies, including controlled-substance and alcohol testing policies;

(g) in entrusting a 2026 Volvo VNL truck tractor to Roy when it knew or should have known that he was incompetent, reckless, or unfit to operate it safely;

(h) in failing to discipline, retrain, or remove Roy from service following prior violations, crashes, or complaints, if any, which discovery is expected to reveal; and

(i) in such other particulars as discovery may reveal.

37. Tandet's negligence, gross negligence, and recklessness in hiring, qualifying, training, supervising, retaining, and entrusting its vehicle to Roy were a direct and proximate cause of the collision and of Plaintiff's injuries and damages, independent of Tandet's vicarious liability for Roy's conduct.

## <u>FOR A FIFTH CAUSE OF ACTION</u>

(Negligent Inspection, Maintenance, and Equipment Against Defendant Tandet)

38. Plaintiff realleges the foregoing paragraphs as if set forth verbatim.

39. Tandet owed a duty to systematically inspect, repair, and maintain the Tractor and any attached trailer, and to ensure that the equipment, including its mirrors, lamps, turn signals,

brakes, and any lane-departure, blind-spot, or collision-avoidance systems, was in safe and proper operating condition. 49 C.F.R. §§ 393.1 et seq., 393.80, 396.3, 396.11, 396.13, 396.17.

40. Upon information and belief, Tandet breached that duty by failing to inspect, maintain, equip, and repair the Tractor so that its driver could safely observe and clear adjacent lanes before changing lanes, and by failing to maintain the inspection and maintenance records required of a motor carrier. Plaintiff pleads this cause of action on information and belief and expects discovery of Tandet's maintenance, inspection, and equipment records to develop the facts supporting it.

41. Tandet's negligent inspection, maintenance, and equipping of the Tractor were a direct and proximate cause of the collision and of Plaintiff's injuries and damages.

**FOR A SIXTH CAUSE OF ACTION**

(Willful, Wanton, and Reckless Conduct - Punitive Damages - Against All Defendants)

44. Plaintiff realleges the foregoing paragraphs as if set forth verbatim.

45. The acts and omissions of Roy and Tandet described above were not merely negligent but were willful, wanton, and reckless, in that each Defendant consciously failed to exercise due care and acted with reckless disregard for the rights and safety of Plaintiff and the motoring public.

46. Roy, a professional commercial driver, knew that moving a truck tractor into an occupied lane on an interstate highway at highway speed without first ascertaining that the lane was clear posed a grave danger to other motorists, and he did so anyway.

47. Upon information and belief, Tandet knew of the dangers posed by placing an inadequately qualified, trained, or supervised driver behind the wheel of a commercial motor vehicle in interstate commerce, and consciously disregarded those dangers.

48. Pursuant to S.C. Code Ann. §§ 15-32-510 through 15-32-540, Plaintiff seeks an award of punitive damages against each Defendant in an amount to be determined by the jury. Plaintiff will establish by clear and convincing evidence that the Defendants' conduct was willful, wanton, or reckless.

## DAMAGES

49. As a direct and proximate result of the Defendants' negligence, gross negligence, negligence per se, and willful, wanton, and reckless conduct, Plaintiff has suffered and is entitled to recover actual damages, including:

(a) past and future medical, surgical, hospital, pharmaceutical, rehabilitative, and related expenses;

(b) past and future physical pain and suffering;

(c) past and future mental anguish and emotional distress;

(d) permanent impairment, scarring, and disfigurement;

(e) lost wages and loss of earning capacity;

(f) loss of enjoyment of life; and

(g) such other damages as are allowed by law.

50. The Defendants are jointly and severally liable for Plaintiff's damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in her favor and against the Defendants, jointly and severally, for:

(a) actual and compensatory damages in an amount to be determined by the jury, which amount exceeds $75,000, exclusive of interest and costs;

(b) punitive damages against each Defendant in an amount to be determined by the jury;

(c) pre-judgment and post-judgment interest as allowed by law;

(d) the costs of this action; and

(e) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

MORGAN & MORGAN, P.A.

*s/ James G. Biggart II*
James G. Biggart II
Fed. Bar No. 14195
M. Cooper Klaasmeyer
Fed. Bar. No. 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, South Carolina 29405
Telephone: (843) 973-5186
Email: jbiggart@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
Attorney for Plaintiff

North Charleston, South Carolina
October 30, 2026